PER CUR.
There is error in this, 1. That the defendant was permitted to plead the act of limitations, without good cause shewn, why he had not appeared and pleaded the same at the rules in the clerk’s office, or at the. next term of the court after the office judgment was obtained, and the writ of en-quiry awarded. 2. That the plea, not referring to the inception of the suit, must be taken to relate to the time of pleading ; and, in that view, it was immaterial, according to the case of Smith v. Walker, 1 Wash. 135. The judgment is therefore to be reversed; and a repleader awarded, with leave to plead the general issue.
The entry on the order book was as follows :
“The court is of opinion that the said judgment is erroneous in this, that the appel-lee was permitted to plead the act of limitations, and non-assumpsit, within five years after an office judgment confirmed and writ of enquiry awarded, without good and sufficient cause shewn for his not having 'appeared and plead at the rules, in due time, or at the next succeeding term, according to law; and in this also, that *the five years were confined to the time of pleading, instead of the time when the action accrued; and that the issue tried was immaterial. Therefore, it is considered that the said judgment be reversed and annulled, and that the appellants recover against the ap-pellee the costs expended as well by them as by the said' Rebecca, in the prosecution of the appeal aforesaid here, to be levied, &c. And it is ordered, that all the proceedings, subsequent to the office judgment, be set aside; that the appellee be at liberty to appear and plead the general issue, and that a new trial be had in the cause ; or, in case of default, that the writ of enquiry be executed.”